IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KIETHAN VALENTINE,

    Plaintiff,

v.                                              Civ. No. 11-123 GBW/WPL

NEW MEXICO CORRECTIONS
DEPARTMENT, C. MICHAEL MARTIN,
WILLIAM HENDRIX, JOE WILLIAMS, &
TIM LeMASTER,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Strike Defendants' Expert Witness Samuel Roll, Ph.D., His Expert Opinions and His Rule 26 Report ("Motion"). *Doc. 58.* Plaintiff's Motion has been fully briefed and the Court is fully advised. The Court held oral argument on the Motion on February 1, 2012 and, as indicated therein, will deny the Motion to Strike, but will issue certain orders and sanctions in lieu of striking testimony and the report. *See doc. 67.*

Plaintiff and Defendants submitted a stipulated order to the Court concerning conducting a mental evaluation of Plaintiff by Defendants' Expert Witness, Dr. Roll. *Doc. 27.* As a part of that order, parties agreed that the evaluation would be audio recorded. *Id.* ¶ 1. The Court issued the stipulated order on July 26, 2011. *Id.* Due to apparent error by Dr. Roll, the evaluation was not recorded as ordered. *See doc. 58* ¶ 8.

Plaintiff contends that the failure to record the interview irreparably damages the use of Dr. Roll's testimony and reports and, therefore, moves the Court to strike his testimony, reports, and opinions. *See generally doc. 58.* Defendants respond that the failure to record was not in bad-faith, that the failure to record did not violate Rule 26, and that Plaintiff waived sanctions by delaying in seeking them. *See generally doc. 62.*

The Court finds that the failure to record was a violation of the Order and that the violation is sanctionable. However, the Court finds that sanctions short of those sought by Plaintiff are sufficient to punish and remedy the violation. As explained at the hearing, the Court will order the alternative sanctions described below.

At the close of the hearing, Plaintiff also requested the costs and fees associated with bringing the instant motion under Rule 37. For failure to comply with a court order, Rule 37(b) states that "the court must order the disobedient party . . . to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b). "This includes expenses incurred in the motion for sanctions." Steven Baicker-McKee et al., Federal Civil Rules Handbook 931 (West 2012). While the Court finds that there was no bad faith in the violation of the Order, it cannot find that the violation was "substantially justified." However, certain circumstances would make a full award of expenses and fees unjust. Specifically, it appears that a middle ground resolution was possible if the parties had pursued it. Instead, for the Plaintiff's

part,[1] he sought the substantial sanction of striking Defendant's expert. While he certainly had the right to "swing for the fence," the Court concludes that he should recover only half of his reasonable expenses in pursuing that option.

Wherefore, IT IS HEREBY ORDERED that the parties shall arrange for the deposition of Defendants' Expert Witness, Dr. Roll, at the soonest possible date. Defendants shall pay the costs of conducting the deposition including the reasonable fees of one of Plaintiff's counsel.

IT IS FURTHER ORDERED that Plaintiff shall have the option following the deposition of submitting to a second evaluation by Dr. Roll. If such an evaluation is conducted: (1) the evaluation shall consist of only the interview portion of the evaluation and not another round of the "objective" tests; (2) the evaluation shall be recorded; and (3) Defendants shall pay the costs associated therewith.

IT IS FURTHER ORDERED that the *Daubert* motion deadline in this matter shall be extended until twenty-one (21) days after Dr. Roll's deposition.

IT IS FURTHER ORDERED that Plaintiff shall have thirty (30) days after Dr. Roll's deposition to identify a rebuttal expert, if any.

IT IS FURTHER ORDERED that, within seven days of the entry of this Order, Plaintiff shall file affidavits outlining the expenses incurred on the instant motion.

---

[1] The Court is not suggesting that Defendants fully engaged in a pursuit for a middle ground either, but the Plaintiff is the party seeking the sanction.

Defendants' objections to the amount claimed by Plaintiff, if any, shall be filed within seven days of the filing of the affidavits.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**