IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KIETHAN VALENTINE,

    Plaintiff,

v.                                        CIV 11-123 GBW/WPL

NEW MEXICO CORRECTIONS
DEPARTMENT, C. MICHAELL
MARTIN, WILLIAM HENDRIX,
JOE R. WILLIAMS, and TIM
LeMASTER,

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment on Portion of Plaintiff's Retaliation Claim ("Defendants' Motion"). *Docs. 83, 84.* Because summary judgment is only available on claims and defenses, Defendants' Motion will be denied.

### *Background*

Plaintiff, Kiethan Valentine, has been employed since 2005 at the Roswell Correctional Center. *Doc. 44* ¶¶ 2, 18. Plaintiff is Muslim and African American. *Id.* ¶ 1. In light of a series of allegedly discriminatory events, Plaintiff filed a Charge of Discrimination against Defendant, New Mexico Corrections Department, on February 28, 2008. *Id.* ¶ 53. Further alleged adverse actions were taken towards Plaintiff thereafter. *See id.* ¶¶ 54-79. As a result, in October of 2008, Plaintiff amended and supplemented his EEOC complaint. *Id.* ¶ 80. Over

the ensuing two and one half years, Plaintiff was demoted and denied the opportunity to pursue further promotions. *See id.* ¶¶ 75-97.

Plaintiff filed suit in this Court on February 9, 2011. *See generally doc. 1.* Plaintiff filed an Amended Complaint on December 1, 2011. *Doc. 44.* Therein Plaintiff pleads four counts allegedly entitling him to relief. *See id.* ¶¶ 98-124. Plaintiff alleges in Count II that, as retaliation for pursuing his EEOC charges, defendants "subjected [Plaintiff] to adverse employment action, including but not limited to setting Valentine up for an investigation . . . , creating and condoning a continuing retaliatory and hostile work environment, and demoting [Plaintiff.]" *Id.* ¶ 108. Additionally, Count II alleges that retaliation included defendants "seek[ing] out allegations of wrongdoing against [Plaintiff] in order to justify investigating him following and in retaliation for making complaints . . . ." *Id.* ¶ 109. Likewise, in Count III, Plaintiff contends that he was demoted and denied subsequent promotions as retaliation. *Id.* ¶¶ 115-17.

Defendants' Motion seeks "to dismiss Plaintiff's contentions (1) Defendants' failure to investigate the allegations set forth in Plaintiff's February and October 2008 charges of discrimination constituted retaliation under Title VII of the Civil Rights Act, as amended, 42 U.S.C. §§ 2000e, and Title 42 U.S.C. §§1981 and 1983; and (2) false statements allegedly provided to the EEOC by Defendants during the EEOC investigation of Plaintiff's charges of discrimination constitute retaliation in violation of Title VII and §§1981 and 1983." *Doc. 83* at 1.

## *Analysis*

Pursuant to Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought."  Fed. R. Civ. P. 56(a).  As Plaintiff states, the "contentions" at issue "are not found in Plaintiff's Complaint or First Amended Complaint.[1]  *Doc. 99* at 3.  It appears to the Court that the "contentions" to which Defendants object are, at most, potential theories of liability or evidence which may be used to support the underlying claim.  They are not "claims" within the meaning of Rule 56.  If, for example, Defendants' Motion established that, under no possible theory could Plaintiff prevail on his claim, then it would be appropriate to investigate each theory.  If none could establish the claim, then it would be appropriate to grant summary judgment as to the claim.  But Defendants do not make that argument in the Motion.  As such, summary judgment as to these "contentions" is not available.

Of course, this procedural conclusion does not address the merits of Defendants' argument.  They may indeed be correct that these anticipated contentions cannot establish retaliation.  Such arguments can be brought as motions in limine and/or proposals for jury instructions.  At this point, the Court simply concludes that summary judgment under Rule 56 is not available for the "contentions" as they currently stand.

---

[1] Plaintiff's position as to what claims he has and has not made are now of record in his Response.  *Doc. 99*.

3

Wherefore, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment on Portion of Plaintiff's Retaliation Claim, (*doc. 83*), is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**

4