IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEITHAN VALENTINE,

    Plaintiff,

vs.                                      No. 11-cv-00123 GBW/WPL

NEW MEXICO CORRECTIONS
DEPARTMENT, et al,

    Defendants.

**ORDER GRANTING DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER**

Defendants New Mexico Corrections Department ("NMCD"), C. Michaell Martin, William Hendrix, Joe R. Williams, and Tim LeMaster moved for a protective order prohibiting the deposition of James R. Brewster, General Counsel for NMCD. (Doc. 110.) Plaintiff Kiethan Valentine opposes this motion, arguing that he may depose Brewster and that only the scope of the deposition should be at issue. (Doc. 120.) Due to the complexity of this issue, I held a telephonic status conference on the matter (Doc. 132) and ordered Valentine to provide supplemental briefing on the depositions he has conducted and scheduled (*id*.; Doc. 133). After having carefully considered the facts and relevant law, I find that the desired information is available through alternative means, and I grant the motion for a protective order.

Brewster, as General Counsel for NMCD, was involved in the investigations and human resources ("HR") decisions which are at issue in the lawsuit. (Doc. 110 Ex. D.) Defendants acknowledge that Brewster has worked closely with NMCD's HR department in handling these events, but they argue that Brewster's involvement is limited to providing legal advice only. (Doc. 128 at 6.) Valentine wishes to depose Brewster regarding his involvement in these events, arguing that Brewster acted in a business capacity while attending to these matters and that

Brewster possesses factual information about these issues not available from any other source. (Doc. 120 at 4-5.)

In support of their motion, Defendants argue that an application of the rule in *Boughton v. Cotter Corp.*, 65 F.3d 823, 829 (10th Cir. 1995), prevents Valentine from deposing Brewster. In *Boughton*, the Tenth Circuit affirmed the district court's protective order prohibiting the plaintiffs from taking the deposition of the defendants' outside counsel. 65 F.3d at 828, 831. The court reasoned that the core issue in deposing a party's counsel was not simply one of privilege, but of protecting a party from an unnecessary burden. *Id.* at 830. In order to protect a party from this burden, *Boughton* held that a party may only depose opposing counsel when: (1) no alternative means exist to obtain the information sought; (2) the information sought is relevant and not privileged; and (3) the information sought is crucial to the preparation of the case. *Id.* at 829. A party seeking to depose opposing counsel must show all three prongs. *Id.* at 830.

Valentine debates whether the *Boughton* rule applies in the present matter. (Doc. 12 at 13-14.) Brewster is not opposing counsel, nor is he litigating this case; he is general counsel for Defendants. However, this argument is unpersuasive. The goal of *Boughton* is to apply Federal Rule of Civil Procedure 26(c) to a unique situation - the deposition of an attorney employed by one of the parties. *See* 65 F.3d at 830. Rule 26(c) seeks to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Although general counsel is not the same as litigating counsel, he is still providing legal representation to the client, and deposing him will invariably entail some degree of a burden on the defendant. The problems of deposing a party's lawyer do not disappear merely because the lawyer is not litigating the present matter. *See Smithson v. Ameranda Hess Corp.*, No. CIV 06-624 JB, 2007 U.S. Dis. LEXIS 97729, at *24 (D.N.M. Dec. 19, 2007).

Applying *Boughton* to the present matter, I find that Valentine cannot meet the first prong because alternative means exist to obtain the desired information. Valentine wishes to depose Brewster on matters involving NMCD's investigations into allegations of discrimination and Valentine's alleged inappropriate conduct, as well as its disciplinary actions against him. (Doc. 120 at 7.) Yet, this information is available through other sources. Valentine has already deposed Rob Casler, a Special Agent for NMCD's Special Investigations and Internal Affairs ("SIIA") who conducted the investigation of Valentine which led to his demotion. (Doc. 133 at 3.) He has also deposed Larry Flynn, the SIIA Bureau Chief, who was involved in the 2008 investigation of Valentine's complaints of harassment and discrimination. (*Id.* at 5.) Further, Valentine has either deposed or plans to depose the individuals interviewed by Casler during the investigation[1] (*id.* at 2-11) and the individuals responsible for making disciplinary decisions regarding Valentine[2] (*id.* at 3, 5, 6, 11). Since the desired information is available from a number of other individuals, Valentine cannot meet the first prong of the *Boughton* test, and I need not consider the other two prongs.

Valentine alternatively argues that he is entitled to the deposition based on his counsel's previous conversations with defense counsel regarding the scheduling of the deposition of Brewster. (Doc. 120 at 2-6.) He reasons that defense counsel's prior acquiescence to scheduling a deposition should ultimately end the inquiry as to whether a deposition is permitted. (*Id.*) However, this argument is meritless. Defense counsel has the right to change her mind and her trial strategy as the case develops. I will not order a deposition simply because defense counsel previously agreed to schedule one.

---

[1] Michael Brisco (Doc. 133 at 2), Juan Dominguez (*id.* at 4), Eddie Helms (*id.* at 5), Antonio Orozco (*id.* at 7), Antonio Reyes (*id*. at 8), and Barry Wilkinson (*id.* at 10-11).

[2] Joni Brown (Doc. 133 at 3), Brenda Gueths (*id.* at 5), William Hendrix (*id.* at 6), Tim LeMaster (*id.*), Michael Martin (*id.*), Joe Williams (*id.* at 11).

Valentine's final argument in support of deposing Brewster is that Defendants have raised the affirmative defense that they took appropriate remedial action, and by raising this as an affirmative defense, they have placed Brewster's conduct at issue. (Doc. 120 at 6.) This is a gross oversimplification of the issues. Defendants did not conduct any investigations after Valentine filed his first complaint with the Equal Employment Opportunity Commission in 2008, thus the remedial action defense predates the filing of the complaint. (Doc. 128 at 10.) Furthermore, information about this investigation is available through alternative sources: written discovery; Rob Casler and Larry Flynn, Special Agent and Bureau Chief of SIIA; Elona Cruz, NMCD's HR Bureau Chief; Eddie Helms, Roswell Correctional Center's HR supervisor; and Vivian Smith, NMCD's Equal Employment Opportunity Officer. (Doc. 128 at 12; Doc. 133.) I will not burden Defendants' by ordering a deposition of their attorney when the affirmative defense covers only a fraction of the time period involved in this lawsuit, and information regarding that defense is available from a multitude of other sources.

A review of the individuals deposed or scheduled for deposition reveals that there are many other sources from which Valentine may gather information about NMCD's remedial action defense, its investigations into Valentine's complaints, and its decisions to demote Valentine him and prevent his promotion. Deposing Brewster would be burdensome, and Valentine cannot show that such a burden is justifiable. Accordingly, I grant Defendants' motion for a protective order prohibiting the deposition of James Brewster.

IT IS SO ORDERED.

*William P. Lynch* (signature)
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.