IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEITHAN VALENTINE,

    Plaintiff,

vs.                                  No. 11-cv-00123 GBW/WPL

NEW MEXICO CORRECTIONS
DEPARTMENT, et al.,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION
TO ALLOW ADDITIONAL EXPERT**

Sixteen months after filing this case, Plaintiff Keithan Valentine moved for permission to identify an additional expert witness. (Doc. 124.) Valentine claims that, due to evidence that has come to light in this most recent phase of discovery, he requires a human resource expert to testify regarding the New Mexico Correction Department's ("NMCD's") investigation practices. (*Id*. at 2-5.) Defendants oppose this motion. (Doc. 131.) To date, the Court has extended various pretrial deadlines six times. (Docs. 38, 68, 79, 86, 96 & 101.) After carefully considering the facts and relevant law, I find that Valentine has not shown good cause for a modification of the Scheduling Order, and I deny his motion.

Federal Rule of Civil Procedure 16 authorizes the court to set a scheduling order and manage pre-trial deadlines. FED. R. CIV. P. 16(b) & (d). This includes the ability to set deadlines for expert disclosures. *See* FED. R. CIV. P. 16(b)(3)(i). After the court has set these deadlines, they may only be modified for good cause and with the court's consent. FED. R. CIV. P. 16(b)(4); *Lewis v. Goldsberry*, No. CIV 11-283 JB/ACT, 2012 U.S. Dist. LEXIS 26557, at *14-15 (D.N.M. Feb. 27, 2012) (holding party moving to add additional expert must show good cause). A component of good cause includes a showing by the moving party that he acted with

reasonable diligence prior to requesting a modification to the scheduling order. FED. R. CIV. P. 16 advisory committee's notes (1983 Amendment); *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs.*, No. 02-1146, 2007 U.S. Dist. LEXIS 56492, at *3 (D.N.M. June 5, 2007).

The parties have provided lengthy briefing on this matter. (*See* Doc. 124, Doc. 131, Doc. 134.) However, the issue before me is simple and does not entail a lengthy discussion: has Valentine shown good cause for his request to add another expert and extend discovery for several more months? Valentine's argument is two-fold: an expert's testimony would be helpful to the jury and the need for such testimony "has only recently [become] apparent[.]" (Doc. 124 at 4-5.) Defendants point out, correctly, that Valentine has known about NMCD's investigation process and procedures for months. In August 2011, Valentine deposed two of NMCD's investigators, Rob Casler and Larry Flynn. (Doc. 131 at 8-9.) In December 2011, Valentine deposed NMCD's Equal Employment Opportunity Compliance Officer, Vivian Smith, and learned about Defendants' investigations into Equal Employment Opportunity Commission complaints. (*Id.* at 9.) Valentine rebuts Defendants' assertion that he was fully aware of NMCD's investigation practices, claiming that it was only on May 25, 2012, that he learned that the legal department had final authority over investigations. (Doc. 134 at 3.) This is unpersuasive, though, since he has had an overview of the investigation process for months. While I cannot say whether an additional expert would be helpful to the jury, I can say that Valentine's request is untimely.

Discovery in this case has continued long enough. Since Valentine has been in possession of information since 2011 regarding NMCD's investigation practices, I reject his contention that he only recently learned facts to suggest he would need an HR expert. Accordingly, I do not believe there is good cause for yet another delay. I deny his motion.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.