IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KIETHAN VALENTINE,

    Plaintiff,

v.                                            Civ. No. 11-123 GBW/SMV

NEW MEXICO CORRECTIONS
DEPARTMENT, et al.,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff's Rule 72(a) Objection to Magistrate Judge's Order Granting Motion for Protective Order. *Docs. 142, 146*. Defendants have responded and the Court is fully advised. *See doc. 158*.

In the Order to which Plaintiff's object, Magistrate Judge William Lynch, who was assigned as the referral judge at that time,[1] granted Defendants' Motion for Protective Order (*Doc. 110*). In short, the Order prohibited Plaintiff from deposing general counsel for the New Mexico Department of Corrections, James Brewster. In the Order, Judge Lynch applied the rule set forth in *Boughton v. Cotter Corp.*, 65 F.3d 823, 829 (10th Cir. 1995) which permits the Court to prohibit the deposition of opposing counsel unless: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the

---

[1] Judge Lynch has since recused himself from the case for reasons not related to the instant issue. *Doc. 152*.

information is crucial to the preparation of the case."[2]  Judge Lynch found that Plaintiff could not satisfy these criteria.  This Court will defer to Judge Lynch's ruling unless it is "clearly erroneous or contrary to law."  *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).  In other words, the ruling should be affirmed unless the Court, "on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Id*. (internal quotations marks omitted).  More colorfully, a decision does not fail this standard "by being 'just maybe wrong; it must … strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'"  *In re Antrobus*, 563 F.3d 1092, 1098 n.2 (10th Cir. 2009) (*quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

## Application of *Boughton*

Plaintiff's first argument is based on Judge Lynch's supposed mischaracterization of the information sought by Plaintiff.  Each *Boughton* criterion considers the "information sought" against some standard, so defining the "information sought" is an important step.  *Boughton*, 65 F.3d at 829.  Judge Lynch described the information sought by Plaintiff as "matters involving NMCD's investigations into allegations of discrimination and Valentine's alleged inappropriate conduct, as well as disciplinary actions against him."  *Doc. 142* at 3.  Judge Lynch concluded that such information was "available from a number of other individuals."  *Id*.  Plaintiff argues

---

[2] While Plaintiff argued that *Boughton* did not apply to the deposition of general counsel, Plaintiff concedes that the legal conclusion that *Boughton* applies is not clearly erroneous.  *Doc. 146* at 3, n.1.

that the "information … sought from Brewster was not merely generalized facts about investigations and disciplined [sic] meted out, but *specific facts known uniquely to him which would detail Brewster's involvement and decision making* regarding those investigations and the decisions to discipline."  *Doc. 146* at 4 (emphasis in original).

Plaintiff sought a wide-ranging deposition of Brewster spanning 17 broad categories.  *See doc. 110* (list of categories provided by Defendants); *see doc. 120* (Plaintiff makes no objection to list as provided by Defendants).  Every one of these categories includes topics which are not "known uniquely to" Brewster.  In fact, much of the information sought by Plaintiff would be obviously available from other sources.  *See e.g., doc. 110* at 3-4 (categories g, h, k, and m).  Moreover, with respect to the many categories which seek to discover Brewster's role, facts demonstrating his role would, in large part, be available from the others involved in the particular process.  Plaintiff complains that those individuals "were uniformly to a person unable to answer … what exactly Brewster's involvement was in those matters."  *Doc. 146* at 5.  This Court has reviewed the depositions to which Plaintiff points in support of this assertion.  *Doc. 120* at 19.  The cited passages do not support this characterization.  While the deponents described some involvement of "legal," few were pressed on exactly what role legal generally, or Brewster specifically, had.  Based on the cited support, the Court cannot find that they were <u>unable</u> to further describe Brewster role – by and large, they were not asked.  Therefore, the Court will fall back on what common sense would dictate –

3

that the facts related to Brewster's involvement, as long as they would be observable to third parties, would be available from those third parties.

Admittedly, these categories might also include "facts known uniquely to" Brewster. With respect to such facts, however, Plaintiff must still establish the remaining *Boughton* criteria – that the information sought is (a) not privileged, and (b) crucial[3] to the preparation of the case. Plaintiff has not made such a showing that it would require reversal of Judge Lynch's order. Plaintiff's argument that the testimony he seeks from Brewster is not privileged is largely premised upon his assertion that "Brewster plays a role not only in reviewing but also in the decision making process on those decisions." *Doc. 120* at 19; *see also doc. 146* at 3 (Brewster "acted in business capacity as the head of the investigations unit and as the final decision maker in regard to meting out discipline…"). After reviewing the exhibits appended to the briefing on the motion for protective order, this assertion is not clearly established. Indeed, several individuals state that Brewster was "involved" in the disciplinary process. However, their testimony was not clearly inconsistent with Brewster's involvement being limited to ordinary legal review as opposed to the actual decision-making. Judge Lynch

---

[3] At least in this case, it would seem that, if information is "crucial to the preparation of the case," it is also relevant. Therefore, the relevance requirement is not separately listed here.

concluded that Brewster was "still providing legal representation to the client," and such a conclusion was not clearly erroneous.[4] *Doc. 142* at 2.

Plaintiff does point to some topics on which Brewster's testimony would not be privileged. *See e.g. doc. 120* at 19-22 (Plaintiff describing intent to question Brewster about his supervisory interaction with Larry Flynn, and inconsistencies between Brewster's own affidavits). However, Plaintiff has not established that any of these topics are "crucial to the preparation of the case."[5]

Another way to analyze the *Boughton* criterion is to begin with the universe of facts to which Brewster could have testified in his deposition. Then remove the facts which could have been obtained from other sources. Then remove the facts that would be privileged. Finally, from what remains, remove the facts that are not crucial to the preparation of Plaintiff's case. Plaintiff has not established that, after applying such a process, much of anything remains.

As the *Boughton* court observed, the three-part test is designed to implement the authority under Rule 26 to prohibit discovery which causes unnecessary burden. *Boughton*, 65 F.3d at 829-30. On the issue of burden, Plaintiff points to the fact that

---

[4] In attempting to show that Brewster's deposition is the key to much undiscovered information and therefore meet the first *Boughton* criterion, Plaintiff demonstrates his difficulty with the second *Boughton* criterion. He argues that one reason only Brewster can provide these facts is because others when asked were "barred from answering by defense counsel's instruction to them not to answer on grounds of attorney-client privilege…." *Doc. 146* at 5. As pointed out by Defendants, Plaintiff never moved to have those answers compelled. *See doc. 158* at 7. It would be a strange result if the path around an attorney-client privilege objection is a deposition of the attorney himself.

[5] For instance, the inconsistencies in Brewster's affidavits would primarily be relevant to impeach him, but, as discussed below, Defendants are no longer calling him as a witness.

Defendants' counsel had been willing to agree to deposing Brewster under certain circumstances. *Doc. 146* at 7; *see also doc. 120* at 2-6. Plaintiff argues that this "willingness to present Brewster for deposition [rebutted] the claim of burdensomeness that might otherwise justify the protective order. *Id*. As both parties acknowledge, they never agreed as to the permissible scope of a Brewster deposition. Having reviewed the proposed topics and the communications between the parties, it is apparent that this disagreement was far more than a quibble. Instead, the parties remained far apart on this significant hurdle. Moreover, the disagreements as to scope go directly to the burdensome of such a deposition. The scope to which it appeared Defendants might have agreed would have been so limited that many of the attorney-client concerns would have been avoided. Consequently, it is not fair to say that, because Defendants were willing to agree to a limited deposition, the broad-ranging deposition sought by Plaintiff would not have been burdensome.

Based on the foregoing, the Court finds that Judge Lynch's ruling that Plaintiff failed to meet the *Boughton* test so as to permit the deposition of Brewster was not clearly erroneous.

## Waiver

Plaintiff also contends that Defendants have waived their attorney client privilege as to Brewster's advice and, by extension, their opposition to his deposition. This waiver is premised on Defendants' intention to call Brewster as a trial witness

6

"regarding his role and advice about Plaintiff's demotion and failure to promote after the demotion." *Doc. 146* at 5. Of course, if Defendants maintained that intention, such would constitute a waiver of attorney-client privilege on those matters. However, Defendants have unequivocally renounced that intention.[6] *Doc. 158* at 10-11. Plaintiffs point out that Defendants did not merely mention in passing that Brewster would be a witness. Instead, they included him as a "will call witness" in the proposed pre-trial order which was submitted to the Court. Indeed, given that formal notice of Brewster's status as a witness well into discovery, Judge Lynch could have found waiver. However, that does not mean that the opposite finding was clearly erroneous. Plaintiff has pointed to no case that would make the proposed pre-trial order, especially under the circumstances in this case, an irrevocable statement as to the parties' witnesses. Without more, this Court cannot reverse the finding that no waiver occurred.

## Conclusion

Judge Lynch's ruling that Plaintiff had not met the *Boughton* criteria was not clearly erroneous. Similarly, his ruling that Defendants had not waived their attorney-client privilege as to Brewster was not clearly erroneous.

---

[6] Defendants will be held to this pronouncement in the trial of this matter.

7

Wherefore, IT IS HEREBY ORDERED that Plaintiff's Rule 72(a) Objection to Magistrate Judge's Order Granting Motion for Protective Order is OVERRULED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent