IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KIETHAN VALENTINE,

    Plaintiff,

v.                                                    Civ. No. 11-123 GBW/SMV

NEW MEXICO CORRECTIONS
DEPARTMENT, et al.,

    Defendants.

# ORDER

THIS MATTER is before the Court on Plaintiff's Rule 72(a) Objection to Magistrate Judge's Order Denying Plaintiff's Motion to Allow Additional Expert. *Docs. 143, 147*. Defendants have responded and the Court is fully advised. *See doc. 157*.

In the Order to which Plaintiff objects, Magistrate Judge William Lynch, who was assigned as the referral judge at that time,[1] denied Plaintiff's Motion to Allow Additional Expert (*Doc. 124*). The Order denied Plaintiff's request to name a human resources expert to testify about whether: (1) Defendants' "customs, policies and procedures are consistent with good human resources practices and goals of preventing illegal discrimination and retaliation;" and (2) "those policies and prohibitions are mere 'lip service' or … the employer is really serious in its efforts to prevent and eradicate discrimination and retaliation." *Doc. 124* at 4, 6. Because Plaintiff's request would

---

[1] Judge Lynch has since recused himself from the case for reasons not related to the instant issue. *Doc. 152*.

require expert disclosure after the deadline established by the most recent scheduling order, Plaintiff agreed that he must meet the "good cause" standard. *Id*. at 8. Judge Lynch ruled that he failed to do so. *Doc. 143*. This Court will defer to Judge Lynch's ruling unless it is "clearly erroneous or contrary to law." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). In other words, the ruling should be affirmed unless the Court, "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. (internal quotations marks omitted). More colorfully, a decision does not fail this standard "by being 'just maybe wrong; it must … strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *In re Antrobus*, 563 F.3d 1092, 1098 n.2 (10th Cir. 2009) (*quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc*., 866 F.2d 228, 233 (7th Cir. 1988)).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Rowen v. New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2006). Plaintiff's explanation why he did not identify a human resources expert within the deadline is that the need for such testimony "has only recently [become] apparent." *Doc. 124* at 4-5. Specifically, Plaintiff points to the fact that "Defendants produced multiple investigations in recent months…." *Doc. 147* at 2.

Judge Lynch found that Plaintiff had known about Defendants' investigation process and procedures for months before the deadline expired. *Doc. 143* at 2. Plaintiff

has not shown that finding to be clearly erroneous. With respect to the recent investigations, while they were conducted by different investigators, Plaintiff has not alleged that the policies or procedures used were different from the previous policies of which he knew. As such, it was not clearly erroneous to find that their recent disclosure did not excuse the failure to identify a human resources expert within the time allotted.

Plaintiff also argues that it is unfair that Defendants were allowed to name an additional expert out of time while he was prohibited from doing the same. Certainly equity receives strong consideration when deciding such scheduling issues. This Court has reviewed the time line regarding the extension given the Defendants and the extension requested by Plaintiff. While one could reach a different decision, this Court detects no gross injustice such that Judge Lynch's ruling must be reversed.

Wherefore, IT IS HEREBY ORDERED that Plaintiff's Rule 72(a) Objection to Magistrate Judge's Order Denying Plaintiff's Motion to Allow Additional Expert is OVERRULED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent