IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KIETHAN VALENTINE,**

    Plaintiff,

v.                                                       No. 11-cv-0123 GBW/SMV

**NEW MEXICO CORRECTIONS DEPARTMENT,**
**And C. MICHAELL MARTIN,**
**WILLIAM HENDRIX, JOE R. WILLIAMS,**
**TIM LeMASTER, and JONI BROWN in their**
**individual**

    **Defendants.**

### ORDER ON MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel Documents from Defendant Brown [Doc. 155] ("Motion to Compel"). The Court has reviewed the Motion to Compel, Defendant Brown's Response to Plaintiff's Motion to Compel . . . [Doc. 165] ("Response"), as well as the Second Amended Complaint . . . [Doc. 115] ("Second Amended Complaint"), Defendants' Answer . . . [Doc. 125], and the Joint Status Report . . . [Doc. 15] ("JSR"). Being fully advised in the premises, the Court Rules as follows:

### Requests for Production Nos. 2 & 3

These Requests seek documents relating to Defendant Brown's (1) job performance, (2) complaints of improper conduct made against her or by her, (3) complaints she has made of discrimination, harassment and/or retaliation, (4) counseling and/or discipline imposed upon her, and (5) pleadings or administrative filings by her or against her. Defendant Joni Brown's Responses to Plaintiff's First Set of Requests for Production of Documents [Doc. 155-1] at 2–4.

Defendant represents to the Court that she has produced all responsive documents in her possession or control, with one exception, i.e., documents relating to complaints of improper conduct "based on any protected class status but race and religion." [Doc. 165] at 3. "It is Warden Brown's position that Plaintiff is entitled only to complaints relating to race and religious discrimination and retaliation against or by Warden Brown." *Id*. Defendant's point is well-taken, but it overlooks the fact that files pertaining to one type of complaint not uncommonly contain complaints of a different type. Indeed, in this case, Plaintiff alleges

> In August, 2007, Valentine was interviewed as part of the investigation of complaints of sexual harassment and retaliation made by a female co-worker, Angelle Clair. His testimony supported her claims. He also reported to the investigator that he had experienced racism at the facility and that he was the only African American working there.

Second Amended Complaint, [Doc. 115] at 5, ¶ 32. Thus, although the Clair investigation focused on allegations of sexual harassment, it apparently yielded information relating to allegations of racism. As mentioned, this is not an uncommon occurrence in the Court's experience. The Court, therefore, will order Defendant Brown to submit for an in camera inspection all documents in her possession or control that are responsive to Requests for Production Nos. 2 and 3 and that have not yet been produced. Accordingly, the Motion to Compel [Doc. 155] is **GRANTED IN PART** with respect to Requests Nos. 2 and 3; Defendant Brown is **ORDERED** to deliver the documents to the Court no later than **5:00 pm on Friday, September 28, 2012**. The documents shall be organized and Bates-stamped or otherwise consecutively numbered.

The Court understands Defendant to be saying that, with the exception of the documents discussed above, all other documents in her possession or control that are responsive to Requests

Nos. 2 and 3 have been produced to Plaintiff. Therefore, the remainder of the Motion to Compel [Doc. 155] is **DENIED IN PART as moot**. If the Court's understanding is incorrect, Defense Counsel is instructed to call the Court's law clerk to schedule a hearing.

### REQUESTS FOR PRODUCTION Nos. 4 & 5

The Court understands Defendant to be saying that she has produced all documents in her possession or control that are responsive to Requests for Production Nos. 4 and 5. *See* Response [Doc. 165] at 7–9. Accordingly, the Motion to Compel [Doc. 165] **IS DENIED IN PART** as it pertains to Requests Nos. 4 and 5 on the grounds that it is **moot**. Again, however, if the Court's understanding is incorrect, Defense Counsel is instructed to contact the Court's law clerk to schedule a hearing.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**