## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**KIETHAN VALENTINE,**

     **Plaintiff,**

**v.**                                   **No. 11-cv-0123 GBW/SMV**

**NEW MEXICO CORRECTIONS DEPARTMENT,**
**And C. MICHAELL MARTIN,**
**WILLIAM HENDRIX, JOE R. WILLIAMS,**
**TIM LeMASTER, and JONI BROWN in their**
**individual**

     **Defendants.**

## <u>ORDER ON MOTION TO COMPEL</u>

THIS MATTER is before the Court on Plaintiff's Motion to Compel Documents from Defendant New Mexico Corrections Department [Doc. 153] ("Motion to Compel"). The Court has reviewed the Motion to Compel, Defendant's Response . . . [Doc. 164], Plaintiff's Reply . . . [Doc. 171], as well as the Second Amended Complaint . . . [Doc. 115] ("Second Amended Complaint"), Defendants' Answer . . . [Doc. 125], and the Joint Status Report and Provisional Discovery Plan [Doc. 15] ("JSR"). Being fully advised in the premises, the Court Rules as follows:

**<u>Request for Production No. 24</u>**

This is a civil rights action based on allegations of racial and religious discrimination. *See* Second Amended Complaint [Doc. 115]. Prior to his resignation, Plaintiff was investigated for allegedly making communications of a sexual nature with a female subordinate and for allegedly touching the subordinate's breasts (with her permission). [Doc. 164-1] at 1. He then allegedly

made comments that were interpreted as threatening violence in the workplace. Second Amended Complaint [Doc. 115] at 17–18, ¶ 114. He was placed on administrative leave and then resigned. *Id.* at 17–18, ¶¶ 114, 117. The investigation resulted in a finding that Plaintiff had violated certain provisions of the Corrections' Code of Ethics Policy by, inter alia, "allowing and then participating in an appropriate conversation of a sexual or inappropriate nature (regarding breast implants) involving his subordinate officers." [Doc. 164-1] at 1. Plaintiff argues that since the alleged comments "were of a sexual nature," Defendant's investigation of Plaintiff amounted to an investigation for sexual harassment. *See* [Doc. 153] at 2. Plaintiff argues that this entitles him to discover "any and all documents in any way relating to any other complaints of sexual harassment or inappropriate touching, to any investigations of such complaints and any disciplinary actions contemplated and/or imposed on the subjects of such complaints and subsequent investigations for the time period 2008 to date." *See* Request for Production No. 24, [Doc. 153-1] at 2.

Defendant has produced documents pertaining to investigations of incidents which it considers similar to the one involving Plaintiff, i.e., ones involving "groping and inappropriate touching," ones involving inappropriate communications of a sexual nature, and ones involving communications threatening violence in the workplace. *Id.* Defendant objects to producing other files relating to unspecified claims of general sexual harassment on the grounds that the Request is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence. *Id.*

The Court agrees with Defendant. To be discoverable, evidence need not be admissible, but it must be "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  The Court fails to comprehend how documents pertaining to Defendant's investigation of general sexual harassment claims brought against other employees would be relevant to Plaintiff's claims of racial and religious discrimination.

In his Reply Brief, Plaintiff argues, "One way for the Plaintiff to prove that the Defendants retaliated against him by treating him differently in regard to alleged misconduct is to compare how they dealt with incidents involving him and incidents involving others." [Doc. 171] at 3–4.  That is a bit of a stretch.  But giving Plaintiff the benefit of the doubt, the Court nonetheless agrees with Defendant that such evidence would be relevant only if the "incidents involving others" were similar to the one involving Plaintiff.  The Court agrees that Plaintiff's request for documents relating to complaints of "sexual harassment" is too broad; thus the Motion to Compel is **DENIED in part** to that extent.

Based upon what the Court has read, it appears that the "Russell" investigation, as it pertained to Plaintiff, involved claims of (1) inappropriate communications of a sexual nature, (2) inappropriate touching, and (3) threatening violence in the workplace.  *See* [Doc. 164-1] at 1−2.  The Court assumes, based upon Defendant's Responses to Requests Nos. 24, 25, and 26, that it has produced all responsive documents in its possession or control relating to complaints against other employees involving (1) inappropriate communications of a sexual nature, (2) inappropriate touching, and (3) threatening violence in the workplace during the time period in question.  *See* [Doc. 164-4] at 2–4.  If the Court's understanding is correct, Plaintiff's Motion is **DENIED IN PART as moot**.  If the Court's understanding is incorrect, the Motion is

**GRANTED IN PART** to that extent, and Defendant will produce all such documents to Plaintiff

no later than **5:00 p.m. on Friday, September 28, 2012**.

**Redacted Email from Vivian Smith**

Based upon Defendant's representation that it has produced a clean copy of the email, *see*

[Doc. 164] at 1–2, the Motion to Compel [Doc. 153] is **DENIED IN PART as moot** to the

extent it seeks the production of that email.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**