IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KIETHAN VALENTINE,

    Plaintiff,

v.                                  No. 11-123 GBW/SMV

NEW MEXICO CORRECTIONS
DEPARTMENT, C. MICHAELL
MARTIN, WILLIAM HENDRIX,
JOE R. WILLIAMS, TIM LeMASTER,
and JONI BROWN,

    Defendants.

## ORDER ON MOTIONS IN LIMINE

These matters come before the Court on certain of the parties' Motions in Limine. *Docs. 185, 187, 189,190, 191, 192, 193, 194, 196, 197, 198, 199, 200.* The Court held a pre-trial conference on November 14, 2012 (*see docs. 96, 241*) at which the parties presented argument on these motions. Having considered the motions, the briefs of the parties, the parties' oral argument, and the applicable law, and otherwise being fully advised, the Court finds as follows:[1]

1. Plaintiff's Motion in Limine Document Number 189 and Defendants' Motions in Limine Document Number 193 and 196, which are all unopposed, are **GRANTED**.

2. Plaintiff's Motion in Limine Document Number 185 is **DENIED** as to all witnesses named therein, including Angelle Clair so long as Ms. Clair provides live testimony.

---

[1] The rulings identified herein are designed to reflect the oral rulings announced at the hearing on these matters. Those oral rulings control in the case of a conflict. If the parties believe that the rulings described herein conflict with the oral rulings, the parties shall seek clarification at the final pre-trial conference.

3. Plaintiff's Motion in Limine Document Number 187 is **GRANTED**.

4. Plaintiff's Motion in Limine Document Number 190 is **DENIED** but the consideration of the evidence set forth therein will be subject to limiting instructions as discussed at the pre-trial conference.

5. Plaintiff's Motion in Limine Document Number 191, after consultation with the parties, is **DENIED** as moot.

6. Defendants' Motion in Limine Document Number 192 is **DENIED** only as to Dr. Roll's failure to record his mental evaluation of Plaintiff, and is otherwise taken under advisement by the Court.

7. Defendants' Motion in Limine Document Number 194 is **DENIED**.

8. Defendants' Motion in Limine Document Number 197 is **GRANTED** as to the following evidence identified therein:

    i. Evidence of the consensual personal relationships between New Mexico Department of Corrections (DOC) employees identified in the motion;

    ii. Any tax implications arising as a result of DOC employees residing at the Roswell Correctional Center (RCC);

    iii. The reasons for Lupe Martinez's departure from her employment as Secretary of Corrections;

    iv. Any discipline received by any individual Defendant or Keith Miller.

    The Motion is **DENIED** as to the following evidence identified therein:

    i. Plaintiff is permitted to make reference to the close quarters at RCC, and the resulting tight-knit community;

ii. If Larry Flynn testifies at the trial, the reasons for his separation and the pendency of his appeal thereof.

9. Defendants' Motion in Limine Document Number 198 is **GRANTED** as to the following evidence identified therein:

   i. Plaintiff's conversation with Ms. Clair regarding polygraph testing;

   ii. Plaintiff's conversation with Correctional Officers Romero, Valdez, and Moody in reference to the word "RAT" being written on Plaintiff's nametag;

   iii. The out of court statement made by the polygrapher who conducted the polygraph in the undue familiarity investigation, except, if the polygrapher testifies, then he can be questioned about the statement.  If the polygrapher denies making such a statement, Plaintiff may testify to this conversation in rebuttal.

The Motion is **DENIED** as to the following evidence identified therein:

   i. The out of court statements by former RCC inmates Tony Heckard, William Hill, and John O'Gorman, but the evidence will be subject to limiting instructions imposed by the Court as discussed at the pre-trial hearing;

   ii. The out of court statements made by RCC non-managerial and non-supervisory employees Mr. Reyes, Mr. Borden, and Mr. Sanders;

   iii. Plaintiff's testimony on radio communications heard during a training session;

   iv. The out of court statement made by RCC employee Sergeant Ingram;

    v.      The out of court statement made by RCC employee Lieutenant Wilkinson made during an inmate count;

    vi.     The out of court statement made by RCC employee David Morgan in reference to the fact that Sergeant Michael Brisco and Correctional Officer Justin Dominguez were "watching Plaintiff" but the evidence will be subject to limiting instructions imposed by the Court as discussed at the pre-trial hearing;

    vii.    The out of court statement made by RCC employee David Morgan in reference to Warden C. Michaell Martin, but the evidence will be subject to limiting instructions imposed by the Court as discussed at the pre-trial hearing;

    viii.   Out of court statements by unidentified witnesses about Sergeant Brisco's reference to Plaintiff as a "dirty cop", but the evidence will be subject to limiting instructions imposed by the Court as discussed at the pre-trial hearing.

The motion is taken under advisement as to Plaintiff's conversation with Sgt. Carroll about the Control Center log.

10. Defendants' Motion in Limine Document Number 199 is **GRANTED** as it pertains to testimony on the substance of Ms. Clair's and Mr. Leal's respective discrimination complaints.  The Court will permit Plaintiff to present evidence that Ms. Clair and Ms. Leal were retaliated against as a result of making discrimination complaints.  Plaintiff will be permitted to testify regarding the statements he made when interviewed about Ms. Clair's allegations.

11. Defendants' Motion in Limine Document Number 200 is **GRANTED.**

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**